**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **GREGORY SPIKES** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **5:08-CV-131(HL)** |
| **JONATHAN BUTTS AND** | : | |
| **LIEUTENANT LOCKETT,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

# ORDER

Before the Court are Defendant Butts's Motion to Dismiss (Doc. 13) and Defendant Lockett's Motion to Dismiss (Doc. 10). For the following reasons, Defendants' Motions are denied. The stay of discovery is lifted.

## I. BACKGROUND

On April 16, 2008, Plaintiff, proceeding pro se, filed a Complaint (Doc. 1) against Defendants Jonathan Butts and Lieutenant Lockett. In his Complaint, Plaintiff alleges that while he was incarcerated at Bostick State Prison, Butts, a member of the prison's kitchen staff, shoved him in the back and punched him in the mouth. According to Plaintiff, the blow to his mouth split his upper and lower lips and caused his mouth to bleed "very badly." After he was allegedly assaulted by Butts, Lockett, a correctional officer at the prison, handcuffed Plaintiff, took him to a room, and closed

the door. Once they were behind closed doors, Lockett picked him up and slammed him face first into the ground. Plaintiff alleges that Lockett's actions caused his forehead and right eye to bleed, and damaged his neck, back, and right shoulder. Plaintiff further alleges that he is "starting to have a lot of serious pains from what Lieutenant Lockett did to [him]," and that the actions of Butts and Lockett have caused him to suffer from mental paranoia.

On June 17, 2008, Lockett filed a Motion to Dismiss Plaintiff's Complaint and a Motion to Stay Discovery (Doc. 11) pending resolution of the Motion to Dismiss. The next day, Butts filed a one page Motion to Dismiss that adopted the Motion and Brief in Support filed by Lockett. On June 20, 2008, the Court granted Lockett's Motion to Stay.

## II. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citations omitted) (alteration in original). The complaint must contain enough factual allegations to "raise a right to relief above the speculative level." Id. at 1965. A motion to dismiss should be

granted if the well-pleaded facts, accepted as true, fail to state a plausible claim for relief. Id. at 1965-66; Fed. R. Civ. P. 12(b)(6).

In addition to the Rule 12(b)(6) standard, courts in the Eleventh Circuit apply a heightened pleading standard when a § 1983 claim is challenged on qualified immunity grounds. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998). The heightened pleading standard requires that a § 1983 plaintiff "allege with some specificity the facts which make out its claim." Id. The additional factual detail is required so that the district court can make an early determination of whether the defendant's actions violated a clearly established right. Id. at 1367, 1370.

## III. DISCUSSION

Defendants contend that the allegations in Plaintiff's Complaint do not state a claim for relief for an Eighth Amendment violation. Specifically, they argue that Plaintiff's injuries are too de minimis to serve as the basis for an Eighth Amendment claim. Defendants also argue that they are entitled to qualified immunity. Last, Defendants contend that any claim for injunctive relief is moot.

### A. EIGHTH AMENDMENT CLAIM

The "core judicial inquiry" in an Eighth Amendment claim for excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 6

(1991). In Hudson the Supreme Court held that the extent of a plaintiff's injuries is one factor in determining whether the force was applied maliciously and sadistically, but it is not determinative. Id. at 7. Other factors relevant to this inquiry include "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). In so holding, the Court in Hudson rejected any requirement that a plaintiff asserting an excessive force claim establish that the force caused significant injuries. Id. at 7.

Although the Supreme Court in Hudson rejected the significant injury requirement, the Court did note that the Eighth Amendment does not prohibit "de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (emphasis added). Relying on this quote in Hudson, Defendants argue that Plaintiff's claim must be dismissed because the injuries he sustained were de minimis.

As the Supreme Court noted in Hudson, whether a prison official applied excessive force in violation of the Eighth Amendment is a contextual inquiry that requires an analysis of various factors. Applying those factors to the allegations against each Defendant, the Court concludes that Plaintiff has stated a claim for excessive force in violation of the Eighth Amendment.

**1. Defendant Butts**

Plaintiff alleges that Butts attacked and assaulted him by pushing him in the back and punching him in the mouth. This assault split Plaintiff's upper and lower lips and caused him to bleed "very badly." There are no allegations that Plaintiff was a threat to prison officials or other inmates at the time, or that there was otherwise a need for this use of force. In the absence of any need for the use of force, this Court has little difficulty concluding that it is a violation of the Eighth Amendment for a prison official to punch an inmate in the face so hard that it splits his upper and lower lips.

**2. Defendant Lockett**

As with Defendant Butts, there are no allegations that Plaintiff was a threat to anybody when Defendant Lockett used force against him. In fact, Plaintiff was in handcuffs when Lockett took him to a locked room and slammed him into the floor face first. According to Plaintiff, Lockett's actions caused his forehead and right eye to bleed. Plaintiff also alleges that he suffers from neck, back, and shoulder pain as a result of being slammed into the floor. These allegations are sufficient to state a claim for an Eighth Amendment violation. Picking up a handcuffed prisoner and slamming him into the floor face first, without any need to use such force, is a violation of the Eighth Amendment.

**B. QUALIFIED IMMUNITY**

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory

or constitutional rights of which a reasonable person would have known.'" Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The qualified immunity analysis involves three steps. Tinker v. Beasley, 429 F.3d 1324, 1326 (11th Cir. 2005). First, the public official must prove that the alleged wrongful acts were within the scope of his discretionary authority. Id. Actions are within the scope of an official's discretionary authority if the actions were "(1) undertaken pursuant to the performance of his duties, and (2) within the scope of his authority." Harbert Int'l Inc. v. James, 157 F.3d 1271, 1282 (11th Cir. 1998). Second, if the official make this showing, the burden shifts to the plaintiff to demonstrate that the official's conduct violated a constitutional right. Id.; Vinyard, 311 F.3d at 1346. Third, if the plaintiff establishes a constitutional violation, the plaintiff must demonstrate that the constitutional right was clearly established at the time of the alleged violation. Tinker, 429 F.3d at 1326; Vinyard, 311 F.3d at 1346.

In this case, Defendants have done little to carry their burden of proving that they were acting within the scope of their discretionary authority. Lockett's Motion to Dismiss devotes only one sentence to this issue, stating that "[a]t all times relevant to the allegations in Plaintiff's Complaint, Lieutenant Lockett would have been acting within the scope of his discretionary authority." (Lockett's Mot. Dismiss 8.) Butts does not address the issue as he did not file his own brief, choosing instead to adopt Lockett's. This Court doubts that Lockett's conclusory assertion is sufficient to establish that the alleged constitutional deprivation occurred while both he and Butts

were acting in their discretionary authority. Nevertheless, this issue need not be resolved at this time because this Court concludes that Plaintiff has alleged the violation of a clearly established right.

According to Defendants, it was not clearly established at the time of their conduct that de minimis injuries, such as Plaintiff's, would support a claim for an Eighth Amendment violation. This Court, however, has already concluded that Plaintiff's injuries were not de minimis and that the allegations in his Complaint are sufficient to state a claim for excessive force. At the time of the alleged conduct, it was clearly established that the use of excessive force violates the Eighth Amendment. Skritch v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002). As to what constitutes excessive force, the Eleventh Circuit has held that a law enforcement official's gratuitous use of force is excessive. See Lee v. Ferraro, 284 F.3d 1188 (11th Cir. 2002) (slamming nonresisting arrestee's head onto hood of a car constitutes excessive force). The allegations against each Defendant support an inference that their use of force was gratuitous. As a result, at this time, the Court concludes that they are not entitled to qualified immunity.

**C. INJUNCTIVE RELIEF**

Last, Defendants contend that Plaintiff is not entitled to injunctive relief as he is no longer incarcerated at Bostick State Prison. Although Defendants are technically correct, Plaintiff has not requested injunctive relief. Thus, Defendants' Motions to Dismiss this claim are denied as moot.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions are denied. The stay of discovery is lifted.

**SO ORDERED**, this the 23rd day of December, 2008

**s/Hugh Lawson**
**HUGH LAWSON, Judge**

dhc